UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MEHRAB #1 CORP., | ) | |
| | ) | |
| Plaintiff, | ) | 10 C 6828 |
| | ) | |
| vs. | ) | Judge Feinerman |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Mehrab #1 Corp. seeks judicial review under 7 U.S.C. § 2023(a)(13) of a United States Department of Agriculture ("USDA") decision disqualifying it for six months from participation in the Supplemental Nutrition Assistance Program ("SNAP"), formerly known as the Food Stamp Program. By agreement of the parties, the court stayed the suspension pending final judgment. The United States has moved for summary judgment. The motion is denied.

The following facts are undisputed. Mehrab, a Chicago grocery store owned and operated by Ajaz Ali Khan, has been authorized to accept food stamps since 2001. In May and June of 2008, the USDA's Food and Nutrition Service ("FNS") investigated whether Mehrab was violating SNAP regulations by accepting food stamp benefits for ineligible items. On four separate occasions during that time frame, an FNS investigator shopping at Mehrab used food stamps to purchase ineligible items. In July 2008, FNS issued a letter (Doc. 24-2 at 4-23) charging Mehrab with violating 7 C.F.R. § 278.2(a), which provides that food stamps "may be accepted by an authorized retail food store ... only in exchange for eligible food." Mehrab was invited to reply to the charges either orally or in writing. Doc. 24-2 at 4.

A month later, Mehrab (represented by Khan's lawyer and Khan's son) met with the FNS at its Chicago Field Office to provide information and documents. In a letter dated September 18, 2008, the Chicago Field Office concluded that Mehrab violated 7 C.F.R. § 278.2(a) and imposed a six-month disqualification from SNAP. Doc. 24-2 at 43-44. To justify the six-month disqualification, the letter cited a SNAP regulation providing that "[t]he FNS regional office shall ... [d]isqualify [a store] for 6 months if it is to be the first sanction for the firm and the evidence shows that personnel of the firm have committed violations such as but not limited to the sale of common nonfood items due to carelessness or poor supervision by the firm's ownership or management." 7 C.F.R. § 278.6(e)(5). The letter acknowledged Mehrab's request for a civil monetary penalty ("CMP") in lieu of disqualification pursuant to 7 C.F.R. § 278.6(f)(1), which provides that a CMP may be imposed "when the firm subject to a disqualification is selling a substantial variety of staple food items, and the firm's disqualification would cause hardship to food stamp households because there is no other authorized retail food store in the area selling as large a variety of staple food items at comparable prices." But the FNS determined that Mehrab was "not eligible for the CMP because there are other authorized retail stores in the area selling as large a variety of staple foods at comparable prices." Doc. 24-2 at 43.

On September 29, 2008, Mehrab timely filed an administrative appeal with the USDA's Administrative Review Branch. Mehrab did not deny that it had violated 7 C.F.R. § 278.2(a) by accepting food stamp benefits for ineligible items. Instead, Mehrab maintained that because the six-month disqualification would cause significant hardship for its customers, the USDA should impose a CMP rather than a disqualification. *Id*. at 49. In support, Mehrab asserted that it "is the oldest and most trusted Indian and Pakistani Grocery Store providing **Authentic** Zabiha-

Halal Meat" and "the ONLY store in the Greater Chicago Land Area who can prove to sell only Zabiha Halal Meat," and also that Mehrab's prices are "on average ... 10-15% cheaper than the competition." *Ibid*. (Zabiha Halal meat is the only meat appropriate for consumption under Islamic law; Halal refers to the type of meat, and Zabiha refers to the method of slaughter. *See Hudson v. Dennehy*, 538 F. Supp. 2d 400, 403 n.1 (D. Mass. 2008).) Mehrab also submitted letters from three of Mehrab's suppliers attesting to the fact that it sells only Zabiha Halal meat. Doc. 24-3 at 6-8. In addition, Mehrab submitted a petition with nearly 120 signatures from its customers stating that Mehrab "is the only trustable authentic Zabiha meat store in the greater Chicago area" and claiming that they "will be burdened greatly by not being able to purchase at Mehrab." *Id*. at 9-15.

On September 20, 2010, the Administrative Review Branch issued the Final Agency Decision denying Mehrab's appeal and affirming the six-month disqualification. Doc. 24-3 at 21-29. The Decision addressed Mehrab's argument that the USDA should impose a CMP in lieu of disqualification. The Decision "recognized that some degree of inconvenience to SNAP households is inherent in the disqualification from SNAP of any participating food store as the normal shopping pattern of such SNAP households may temporarily be altered during the period of disqualification." *Id*. at 27. The Decision noted, however, "that the SNAP regulations do not define hardship as inconvenience, or even extreme inconvenience, but rather simply as the lack of an 'authorized retail food store in the area selling as large a variety of staple food items at comparable prices.'" *Ibid*. (quoting 7 C.F.R. § 278.6(f)(1)). In this regard, the Decision observed that the Chicago Field Office had determined "that there are a number of retail food stores within walking distance that are comparable in stock and prices to Mehrab #1 Corp and that can serve as alternative stores for area SNAP households." *Ibid*. The Decision added:

> At least four of the six authorized [SNAP] stores that are comparable to the subject store have posted advertisements that they sell Zabiha Halal meats. Although [Khan] has provided documentation that ***his*** store sells authentic Zabiha Halal meats, he has not shown, other than by his narrative assertion, that any of the ***other*** stores in the area do not sell authentic Zabiha Halal meats, notwithstanding that 120 customers signed a petition that they will be burdened if the store is disqualified because it is the "only trustable authentic Zabiha meat store in the greater Chicago area." That customers of his store signed the petition does not prove that Mehrab #1 Corp is the "only trustable authentic Zabiha meat store in the greater Chicago area." Other stores in the area may also be trustable Zabiha meat stores to customers who shop at those other stores. As for [Khan's] contention that his prices are 10-15 percent lower than his competitors' prices, again except for his narrative assertion, [Khan] has not refuted the finding of the Field Office that the food prices at other stores are comparable to his.

*Id*. at 27-28. For these reasons, the Administrative Review Branch found that Mehrab was not eligible for a CMP and sustained the six-month disqualification. *Id*. at 28.

The standard of review in a SNAP violation case depends on the nature of the challenge. The governing statute provides that "[t]he suit in the United States district court … shall be a trial *de novo* by the court in which the court shall determine the validity of the questioned administrative action in issue." 7 U.S.C. § 2023(a)(15). Consistent with the statutory text, the Seventh Circuit has held that the district court reviews *de novo*, "on a fresh record," the USDA's factual findings. *Carlson v. United States*, 879 F.2d 261, 263 (7th Cir. 1989) (internal quotation marks omitted). At the same time, the Seventh Circuit held that "a penalty may be set aside only if arbitrary and capricious." *Ibid*. (internal quotation marks omitted); *see also Estremera v. United States*, 442 F.3d 580, 585 (7th Cir. 2006) ("the penalty imposed by the FNS for violations of the Food Stamp Program may be set aside only if it is arbitrary and capricious") (internal quotation marks omitted).

Mehrab's lawsuit challenges only the penalty imposed by the USDA—in particular, the USDA's decision to impose a six-month disqualification rather than a CMP. This does not

mean, however, that the arbitrary and capricious standard governs all aspects of this lawsuit. The reason is that Mehrab's challenge to the penalty rests on purely factual grounds: Mehrab contends that the USDA erred in finding that there were other SNAP retailers in the area that sell Zabiha Halal products at comparable prices, which was the predicate for its legal conclusion that Mehrab was ineligible for a CMP. So, although Mehrab challenges only the penalty imposed by the USDA, it is entitled to a trial *de novo* review on that factual issue.

This conclusion is supported, in fact compelled, by the Seventh Circuit's decision in *Estremera v. United States*, *supra*. The plaintiff, Estremera, owned a store that was found by FNS to have exchanged food stamp benefits for cash and ineligible items. 442 F.3d at 582. The agency imposed a penalty of permanent disqualification, and notified Estremera that if she sold her store, she would be subject to a CMP pursuant to 7 C.F.R. § 278.6(f)(2), which provides:

> In the event any retail food store or wholesale food concern which has been disqualified is sold or the ownership thereof is otherwise transferred to a purchaser or transferee, the person or other legal entity who sells or otherwise transfers ownership of the retail food store or wholesale food concern shall be subjected to and liable for a civil money penalty in an amount to reflect that portion of the disqualification period that has not expired … . If the retail food store or wholesale food concern has been permanently disqualified, the civil money penalty shall be double the penalty for a ten year disqualification period.

Months later, "FNS sent Estremera a letter notifying her that, due to her sale of the store, she was required to pay $66,000 as a civil monetary penalty for her past violations of Food Stamp Program regulations." 442 F.3d at 582. Estremera appealed to the Administrative Review Branch of the FNS, which affirmed. *Id*. at 583. Estremera then brought suit in federal district court, which granted summary judgment to the government. *Ibid*. On appeal, Estremera argued, among other things, that the district court should have reviewed *de novo* the question whether she sold the store. *Id*. at 585. The Seventh Circuit agreed with Estremera that *de novo* review

-5-

was required, but held that the district court had reviewed *de novo* the agency's finding that she had sold the store without giving that finding any deference:

> [T]he district court properly reviewed de novo the Agency's finding that Estremera sold the store in February 2002. The district court order states explicitly that "this court must review [the Agency's findings] de novo." It is clear from the order that the district court did so. The order contains a thorough discussion of the evidence and legal theories offered by both parties, and contains no indication that the district court gave deference to the findings of the Agency.

*Ibid*. *Estremera* stands for the proposition that a federal court reviews *de novo* USDA factual findings even if those findings are pertinent only to the penalty the USDA imposed on a retailer for violating SNAP regulations.

The same proposition is established in *Affum v. United States*, 566 F.3d 1150 (D.C. Cir. 2009). The retailer in *Affum* was found by the USDA to have engaged in "trafficking" food stamp benefits, which means exchanging such benefits for cash. *Id*. at 1153. Much like 7 C.F.R. § 278.6(f)(1), which is the SNAP penalty provision at issue in this case, the governing provisions in *Affum* permit the USDA to impose a CMP in lieu of disqualification if a store produces "substantial evidence" that it had an "effective policy and program" to prevent trafficking. *Id*. at 1153 (quoting 7 U.S.C. § 2021(b)(3)(B)). The USDA found that the retailer did not satisfy the criteria for a CMP and therefore imposed a permanent disqualification. *Ibid*. The district court dismissed the retailer's lawsuit for lack of standing, and the D.C. Circuit reversed, holding that the retailer had standing. *Id*. at 1158-59.

The D.C. Circuit then addressed the standard of review that would apply on remand. The United States contended that the USDA's "determination whether to impose permanent disqualification or a civil money penalty is subject to only limited review under the deferential arbitrary and capricious standard." *Id*. at 1160. The D.C. Circuit disagreed. The court observed

that the "trial *de novo*" requirement of 7 U.S.C. § 2023(a)(15) "is clearly broader than the review standard provided for under the Administrative Procedures Act. It requires the district court to examine the entire range of issues raised, and not merely to determine whether the administrative findings are supported by substantial evidence." *Ibid*. (internal quotation marks omitted). From this premise, the court held that "when an aggrieved party challenges the [agency's] failure to impose a civil money penalty in lieu of disqualification," the district court must "conduct a trial *de novo* as required by § 2023(a)(15) to determine the facts on which the sanction was predicated." *Id*. at 1161. The court concluded that although judicial review of the agency's "choice of penalty is subject to the abuse of discretion standard," the plaintiff "is still entitled to a trial *de novo* to create a factual record on the [agency's] determination not to a impose a civil money penalty in lieu of disqualification, and judicial review of the Secretary's choice of penalty is based on that *de novo* record." *Ibid*.

Mehrab therefore is entitled to a trial *de novo* on the factual question of whether there are "other authorized retail food store[s] in the area selling as large a variety of staple food items at comparable prices." 7 C.F.R. § 278.6(f)(1). This does not foreclose summary judgment; as the D.C. Circuit noted, the trial *de novo* requirement "is compatible with a summary judgment disposition if there are no material facts in dispute." *Affum*, 566 F.3d at 1160 (internal quotation marks omitted). To obtain summary judgment, however, the United States was required to show that it is undisputed that other SNAP retailers near Mehrab sell "as large a variety of staple food items at comparable prices."

The United States does not even *attempt* to make that showing. Nowhere does its Local Rule 56.1 statement contend, based on the evidence of record, that there actually *are* other SNAP retailers in the area offering the same variety of staple food items as Mehrab at comparable

prices. Instead, the United States focuses only on what the USDA found and on what evidence Mehrab adduced during the administrative process—stating, for example, that the Chicago Field Office of the FNS "review[ed] all of the available information and the existence of other authorized retail stores accepting food stamps in the area," that the Field Office's letter "provided that Mehrab was not eligible for a [CMP] under the regulations because there were other authorized retail stores in the area selling as large a variety of staple foods at comparable prices," and that "[a]t no point in the administrative process did Mehrab provide any documentation that would contradict the Field Office's conclusion that there were other authorized retail stores in the area selling as large a variety of staple foods at comparable prices." Doc. 24 at ¶¶ 20-21, 23. Although these submissions would have been appropriate if the USDA's factual findings were subject to arbitrary and capricious review, they have no weight where, as here, factual issues are resolved by a trial *de novo*. *See Affum*, 566 F.3d at 1160 ("A trial *de novo* is a trial which is not limited to the administrative record—the plaintiff may offer any relevant evidence available to support his case, whether or not it has been previously submitted to the agency.") (internal quotation marks omitted).

      Given the foregoing, the United States' summary judgment motion does not even get out of the gate. There is no need to determine whether the facts in the United States' Local Rule 56.1 statement are undisputed because those facts, even if indisputably true, would not establish an entitlement to summary judgment. In any event, the United States would not have obtained summary judgment even if its Local Rule 56.1 statement had affirmatively contended that there are other SNAP retailers in the area offering the same variety of staple food items at comparable prices. The reason is that Mehrab, in opposing summary judgment, submitted an affidavit from Khan averring that it "is the only seller of 100% Zabiha Halal products for the area, as

distinguished from other stores in the area which are not 100% Zabiha Halal merchants" and that suspending Mehrab from the SNAP program "will cause a great hardship to the community that relies on a 100% seller of Zabiha Halal products, for which there is no substitute in the area." Doc. 31-1 at 1. Thus, the record reveals a genuine issue of material fact regarding whether Mehrab's disqualification would cause hardship to SNAP households because there is no other SNAP retailer in the area selling as large a variety of staple food items at comparable prices.

For these reasons, the United States' summary judgment motion is denied. This case will proceed to a trial *de novo* on whether any other SNAP retailer in Mehrab's vicinity offers an equivalent variety of Zabiha Halal items at comparable prices. "Because [Mehrab seeks] *de novo* review of the decision of the Administrative Review Branch, it [is Mehrab's] burden to prove by a preponderance of the evidence that the agency's determination was invalid." *Estremera*, 442 F.3d at 587. Then, based on the *de novo* factual record, the court will determine whether the USDA's decision to impose a six-month disqualification was arbitrary and capricious. *See id*. at 585; *Affum*, 566 F.3d at 1161 (holding that the district court "may only overturn the agency's choice of penalty if, on the *de novo* factual record, it is determined that the [agency] abused [its] discretion in declining to impose a civil money penalty in lieu of disqualification").

November 23, 2011

_____
United States District Judge